The document below is hereby signed.

Signed: September 19, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Case No. 17-00387 |
| JEANETTA J. NELSON, | ) | (Chapter 7) |
| | ) | **Not for Publication in** |
| Debtor. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO CONVERT CASE TO CHAPTER 13

The court will deny the debtor's motion to convert this case to Chapter 13 for the following reasons. The debtor commenced this case on July 13, 2017, as a case under Chapter 7 of the Bankruptcy Code. In order to obtain a discharge, the debtor was required to file by October 16, 2017, a Certification About a Financial Management Course (Official Form 423) (unless a course provider filed notification that the course had been completed). She failed to file an Official Form 423. On November 1, 2017, when the debtor had still filed no Official Form 423, the court closed the case without the debtor receiving a discharge. On November 20, 2017, the debtor filed a motion under 11 U.S.C. § 350(b) to reopen the case "so that the Debtor may obtain a discharge under Section § 727(a)(11) of the U.S. Bankruptcy

Code." On November 29, 2017, the court signed an *Order Reopening Case*, which provided that the case was reopened "to permit the debtor to file a Bankruptcy Official Form 423 in order to obtain a discharge." On December 4, 2017, the debtor filed an Official Form 423 reflecting that she completed the required course on November 20, 2017. The Clerk was required by Fed. R. Bankr. P. 4004(c)(1) forthwith to issue the debtor a discharge but inadvertently neglected to do so. On September 12, 2019, two years and many days after the commencement of this case and 21 months after the court reopened the case, the debtor filed her motion to convert the case to Chapter 13.

The automatic stay would not be available to assist the debtor in a Chapter 13 case. By reason of 11 U.S.C. § 554(c), the closing of the case abandoned scheduled property to the debtor, including her residence, and such property ceased to be property of the estate. By reason of 11 U.S.C. § 362(c)(1), the stay under 11 U.S.C. § 362(a) of any act against such property terminated. In addition, under 11 U.S.C. § 362(c)(2)(A), the closing of the case terminated the stay under § 362(a) of any other act. The reopening of the case did not reinstate the automatic stay. *Crocker v. Crocker (In re Crocker)*, 362 B.R. 49, 56 (1st Cir. B.A.P. 2007); *Burke v. United States (In re Burke)*, 198 B.R. 412, 416 (Bankr. S.D. Ga. 1996); *In re Gruetzmacher*, 145 B.R. 270, 274 (Bankr. W.D. Wis. 1991). The debtor would not have

the protection of the automatic stay upon conversion of the case to Chapter 13, making it possibly difficult for the debtor to succeed in obtaining a confirmed plan in Chapter 13.

In any event, this case was reopened solely for the purpose of allowing the debtor to file an Official Form 423 in order to obtain a Chapter 7 discharge.  The case was not reopened to remain open indefinitely to permit the debtor to seek to convert the case to another chapter, and I will not reopen the case for that purpose.[1]  If the debtor wants relief in a Chapter 13 case, she ought to file a petition commencing a new case under Chapter 13 and pay the filing fee for commencing the new case.

For all of these reasons, it is

ORDERED that the debtor's motion to convert this case to Chapter 13 is DENIED.  It is further

ORDERED that the Clerk shall grant the debtor a discharge and close this case anew.

[Signed and dated above.]

Copies to: E-recipients; all entities on BNC mailing list.

---

[1] Converting the case this late in the game could be prejudicial to creditors.  If the current case were converted to Chapter 13, the allowed unsecured claims of any creditors whose claims were not discharged by the debtor's Chapter 7 discharge would not include interest that accrued after the filing of the petition in July 2017.  *See* 11 U.S.C. §§ 348(a), 502(b), and 502(b)(1).  In contrast, if the debtor filed a new case, any such creditors will be able to claim (as part of their allowed claims) interest that has accrued, before the commencement of the new case, in the last two years and many days since the debtor commenced the current case.